IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATION FOR ACCESSIBLE MEDICINES, | No. 2:20-cv-1708 TLN DB |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | |
| Defendant. | |

Plaintiff Association for Accessible Medicines ("AAM") and Defendant Rob Bonta, in his official capacity as the Attorney General of California ("AG") (hereinafter collectively the "Parties" or individually a "Party") anticipate that documents and information containing or reflecting proprietary, trade secret, and/or commercially sensitive information may be disclosed or produced during the course of discovery and otherwise in the above-captioned action (the "Action"). The Parties, by and through their respective undersigned counsel, hereby stipulate to and request the entry of the following Protective Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Joint Stipulated Protective and Confidentiality Order (the "Stipulation and Protective Order").

1. <u>Confidentiality of Materials</u>

(a) The Parties agree that "Confidential Information" means any information, whether oral, in documentary, or other tangible form, so designated by either Party (and any non-Party) that the Party or non-Party reasonably and in good faith believes contains confidential commercial information, proprietary financial information, trade secrets, or any other type of information protectable under Fed. R. Civ. P. 26, or any other applicable state, federal or regulatory doctrine and which is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) Any information supplied in documentary or other tangible form may be designated as Confidential Information by placing or affixing on such documents, or on the face of such thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) Any information designated as "CONFIDENTIAL" may be disclosed only to (i) the Parties; (ii) the law firm of counsel of record for Plaintiff in this Action; (iii) attorneys, officials, investigators, paralegals, legal interns, and stenographic and clerical workers employed by the Healthcare Rights and Access Section of Defendant who are actively working on this Action and who need to access the produced documents for the purposes of this Action; (iv) managers, supervisors, and officials to whom the personnel described in subpoint (c)(iii) above report and

who need to access the documents as part of their managerial or supervisory duties relevant to this Action; or (v) any other person with prior written consent of the producing Party.

(d)     Any information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to: (i) the law firm of counsel of record for Plaintiff in this Action; (ii) attorneys, officials, investigators, paralegals, legal interns, and stenographic and clerical workers employed by the Healthcare Rights and Access Section of Defendant who are actively working on this Action and who need to access the produced documents for the purposes of this Action; (iii) managers, supervisors, and officials to whom the personnel described in subpoint (d)(ii) above report and who need to access the documents as part of their managerial or supervisory duties relevant to this Action; (iv) any other person with prior written consent of the producing Party.

(e)     The Parties and their counsel of record may disclose and permit the disclosure of Confidential Information to the following third parties: (i) the Court; (ii) Court reporters engaged for depositions and hearings; and (iii) jurors and Court personnel at trial of the Action.

(f)     Absent a specific order by this Court, all information or documents disclosed in the Action and designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Stipulation and Protective Order shall be used by the receiving Party solely for the purposes of the Action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose.  Confidential Information shall not be disclosed to any governmental entity, including the Federal Trade Commission, without prior written consent of the producing Party or non-Party.  The Parties agree not to use any Confidential Information to seek disclosure in any other proceeding.

(g)     If Confidential Information in the possession, custody, or control of any receiving Party is sought by a subpoena, civil investigative demand, request for production of documents, interrogatories, or any other compulsory process whether issuing from any court, administrative or legislative body, or any other person, agency, or tribunal purporting to have opportunity to seek such information by compulsory process, the receiving Party to whom the process or discovery is directed shall: (i) give notice by email together with a copy thereof to counsel of record for the

1  producing Party or non-Party promptly, and in no event fewer than five (5) business days prior to
2  the deadline for producing or objecting to production of such Confidential Information; (ii)
3  cooperate to the extent reasonably necessary to permit the producing Party or non-Party to object
4  to or seek to quash such process or discovery request; and (iii) if the producing Party or non-Party
5  makes a timely objection or seeks a protective order in the relevant action, the receiving Party shall
6  not produce any Confidential Information until a court rules on the objection and/or request for a
7  protective order (or until the producing Party consents in writing to the production).

8        2.     <u>Protection of Confidential Information</u>. The Parties shall ensure that access to
9  Confidential Information provided to them pursuant to this Stipulation and Protective Order is
10 strictly limited as prescribed herein. The Parties shall ensure that Confidential Information is used
11 only as provided in this Stipulation and Protective Order, and that such Confidential Information is
12 not duplicated except to the extent necessary for use as permitted by this Stipulation and Protective
13 Order (with appropriate security measures taken to ensure that any such copies are maintained in a
14 confidential manner). Counsel for each Party shall take reasonable measures to limit unauthorized
15 disclosure of any designated Confidential Information. Each Party shall have the responsibility,
16 through counsel, to promptly advise the producing Party or non-Party of any losses or compromises
17 of the confidentiality of the Confidential Information.

18       3.     <u>Filings</u>. A Party that seeks to file anything that is designated as Confidential
19 Information shall seek to file it under seal in compliance with the requirements of the Local Rules
20 of this Court. Courtesy copies of such documents shall also be redacted and shall not contain any
21 reference to the contents of the Confidential Information unless requested by the Court. The copies
22 of any documents filed under seal pursuant to this paragraph shall be marked in 12-point or larger
23 typeface, "Confidential -- Contains Information Subject to Protective Order in Case No. 2:20-cv-
24 01708-TLN-DB, United States District Court, Eastern District of California."

25       4.     <u>Disagreement concerning the Treatment of Confidential Information</u>. If the Parties
26 dispute whether designated Confidential Information is entitled to confidential treatment, the
27 Parties shall treat the matter as a discovery disagreement pursuant to Local Rule 251. The burden
28 of persuasion in any such discovery disagreement shall be on the party seeking to assert that the

information should be treated as Confidential or Highly Confidential—Attorney's Eyes Only as appropriate.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under its initial designation until the Court rules on the dispute.

5. <u>Reservation of Positions; No Waiver</u>.  The Parties agree that the production and use of the Confidential Information in this Action shall not be deemed a waiver of any entitlement to confidential treatment for such information in any other context.  Accordingly, the Parties agree: (1) not to assert any such waiver; (2) not to use the information claimed to be Confidential Information to seek disclosure in any other proceeding; and (3) any inadvertent disclosure of the Confidential Information shall not be deemed a waiver of any such entitlement to confidential treatment.

6. <u>Production of Discovery Materials Containing Potentially Privileged Information</u>.  The production of privileged and/or work-product protected documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or governmental proceeding.  This Stipulation and Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The producing Party must notify the receiving Party promptly upon discovery that a document containing privileged information has been produced.  Within five (5) business days of receiving written notice from the producing Party that privileged and/or work-product documents or information have been produced, the receiving Party shall: (1) return such documents or information and all copies thereof to the producing Party or certify that all such information and any copies have been destroyed and (2) not use such information for any purpose.

7. <u>A Non-Party's Protected Material Sought to be Produced in this Action.</u>  The terms of this Stipulation and Protective Order are applicable to any Confidential Information produced by a non-Party in this Action and designated as such pursuant to this Protective Order.  Such information produced by a non-Party in connection with this Action shall be fully protected by the remedies and relief provided by this Stipulation and Protective Order.  Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

8. <u>Termination of Action</u>. The provisions of this Stipulation and Protective Order shall not terminate at the conclusion of this Action.  Within sixty (60) days after conclusion of this Action, which includes any final administrative or any final judicial appellate review, the Parties shall return all copies of Confidential Information to the producing Party or non-Party, or certify that all such copies have been destroyed.

9. <u>Amendments</u>. This Stipulation and Protective Order is entered without prejudice to the right of any Party or non-Party to apply to the Court at any time, when convenience or necessity requires, for (i) additional protection than this Stipulation and Protective Order provides; or (ii) other amendment of this Stipulation and Protective Order.

10. <u>Jurisdiction</u>. This Stipulation and Protective Order shall continue to be binding after termination of this Action.  All disputes concerning Confidential Information produced under the protection of this Stipulation and Protective Order shall be resolved by the United States District Court for the Eastern District of California.

| | |
|---|---|
| Dated: March 17, 2023 | Respectfully submitted, |

*/s/ Michael Shipley*
MICHAEL SHIPLEY (Cal. Bar # 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
(213) 680-8348

ALEXANDRA I. RUSSELL (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue NW
Washington, DC 20004
(202) 389-5258
alexandra.russell@kirkland.com

JAY P. LEFKOWITZ (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
lefkowitz@kirkland.com

*Counsel for Plaintiff*

ROB BONTA
Attorney General of California
EMILIO VARANINI
KARLI EISENBERG
Supervising Deputy Attorneys General

*/s/ David Houska*
DAVID HOUSKA
Deputy Attorney General

*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

////

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: March 22, 2023

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE